IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Richard L. Coleman, #186795, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:09-872-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Robert M. Stevenson III, Warden; | ) | |
| Keisha Taylor, Inmate Grievance | ) | |
| Coordinator; Jannice Montgomery, | ) | |
| Inmate Grievance Coordinator, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Richard L. Coleman ("Coleman"), a state prisoner proceeding pro se, brought an action under 42 U.S.C. § 1983 alleging violations of his civil rights. In her Report and Recommendation, Magistrate Judge Gossett recommends granting Defendants' motion for summary judgment. (Report and Recommendation 12.)

Coleman filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Coleman's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, Coleman filed one specific objection.  Coleman objects to the magistrate judge's "determination that [his] complaint [presents] no genuine issue of material fact" because he has set forth "all three requirements to succeed in . . . his eight[h] amendment complaint" and defendants "played [a] role in denying [him] dental treatment." (Objections 3-5.)

"In order to establish a claim of deliberate indifference to medical need [under the Eighth Amendment], the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective."  Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).  "Deliberate indifference is a very high standard–a showing of mere negligence will not meet it."  Id.  "The mere failure to treat all medical problems to a prisoner's satisfaction, even if that failure amounts to medical malpractice, is insufficient to support a claim under § 1983."  Peterson v. Davis, 551 F. Supp. 137, 146 (D. Md. 1982).

Coleman alleges that he "had a serious medical need due to the fact [he] lost a filling in his tooth [and] prison officials showed deliberate indifference . . . [by] cancelling all [his] dental appointments."  (Objection 4.)  Coleman submitted a request for "dental treatment" on November 12, 2007.  (Compl. ¶ 8.)  Coleman received dental treatment on March 10, 2008, at

which point it was determined that his dental filling had fallen out. (Id. ¶ 37.) Defendants explain that Coleman is housed in the Special Management Unit (SMU) also known as the "lock up dorm." (Defs. Mem. Supp. Summ. J. 5.) According to Coleman's exhibits, he is a "threat to the physical safety of other inmates or staff." (Compl. Ex. 1 (Notice of Placement in PHD).) As such, Coleman

> must be transported to the medical wing of general population to receive dental care. This transport requires the use of a[] [South Carolina Department of Corrections ("SCDC")] transport van and two security officers. Because of this transportation requirement, only a certain number of inmates in lock up can be seen for dental care during a given time, and therefore, [the prison] maintains a long list of inmates in SMU who have made dental requests. Appointments on this list are made on a priority basis, and an emergency or serious medical need takes priority over a routine dental request [such as Coleman's.] . . . . According to [Dr. James G. Moore ("Dr. Moore")], it is not uncommon for an inmate in SMU who does not present a serious medical need to wait six months or more for a routine appointment.

(Defs. Mem. Supp. Summ. J. 5 (internal citations omitted) & Ex. 11 (Moore Aff., generally).) Moreover, according to Dr. Moore, based upon a review of Coleman's medical records, Coleman "did not have a serious medical need. In a dental setting, a serious emergency need presents when an inmate has swelling, infection, or other evidence of trauma in or around his teeth. There is no note of swelling in [Coleman's] medical records." (Id. Ex. 11 (Moore Aff. ¶ 8).) According to prison nurse, Beth Wallace ("Nurse Wallace"), the treatment that Coleman ultimately received does not "equate to a serious or an emergency dental need." (Id. Ex. 2 (Nurse Wallace Aff. ¶ 9).)

Based on the evidence in the record, Coleman is unable to establish that Defendants were deliberately indifferent to his medical needs. Nowhere does Coleman allege that he sought anything more than basic dental treatment. This does not constitute a serious medical condition. As such, he did not receive high priority status to immediately receive dental treatment.

"Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Coleman has not alleged any exceptional circumstances. Moreover, Coleman received treatment within a reasonable time that is consistent with the policy regarding SMU inmates. As such, Coleman's objection is without merit.

Based on the foregoing, the court adopts Magistrate Judge Gossett's Report and Recommendation.

Therefore, it is

**ORDERED** that Defendants' motion for summary judgment, docket number 32, is granted.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
July 23, 2010

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.